| | |
|---|---|
| ELIZABETH DAY (SBN 177125) | Arthur Beeman (SBN 237996) |
| eday@feinday.com | arthur.beeman@snrdenton.com |
| IAN N. FEINBERG (SBN 88234 | Rachel Repka (SBN 248331) |
| ifeinberg@feinday.com | rachel.repka@snrdenton.com |
| DAVID ALBERTI (SBM 220625) | SNR DENTON US LLP |
| dalberti@feinday.com | 1530 Page Mill Road, Suite 200 |
| SAL LIM (SBM 211836) | Palo Alto, CA 94304-1125 |
| slim@feinday.com | Tel: 650.798.0300 |
| YAKOV ZOLOTOREV (SBM 224260) | Fax: 650.798.0310 |
| yzolotorev@feinday.com | |
| MARC BELLOLI (SBN 244290) | Carlos Perez-Albuerne (*pro hac vice*) |
| mbelloli@feinday.com | cperez@choate.com |
| **FEINBERG DAY ALBERTI &** | G. Mark Edgarton (*pro hac vice*) |
| **THOMPSON LLP** | medgarton@choate.com |
| 401 Florence Street, Suite 200 | Anita M. C. Spieth (*pro hac vice*) |
| Palo Alto, CA 94301 | aspieth@choate.com |
| Tel:  650.618.4360 | CHOATE, HALL & STEWART LLP |
| Fax:  650.618.4368 | Two International Place |
| | Boston, MA 02110 |
| Attorneys for Plaintiff | Tel: 617.248.5000 |
| PRAGMATUS TELECOM, LLC | Fax: 617.248.4000 |
| | |
| | Attorneys for Defendant |
| | BUILD.COM, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAGMATUS TELECOM, LLC, | CASE NO.  12-06196 MMC |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| BUILD.COM, INC., | |
| Defendant. | |

-1-

The above-captioned patent infringement action ("Action") is likely to involve discovery of documents and testimony containing trade secrets and other confidential research, development and commercial information of the parties to this Action and third parties who may be subpoenaed to provide deposition testimony and documents, including confidential and commercially sensitive information relating to business strategies, manufacturing and distribution capabilities, sales, costs, pricing, profitability, customers, suppliers, and other business and financial data, which, if disclosed other than as specified herein, will pose a significant risk of injury to the legitimate business interests of the disclosing party. This Order is necessary to protect the legitimate business interests of the disclosing parties in such information and good cause exists for the entry of this Order.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and pursuant to the stipulation and agreement of the parties,

IT IS HEREBY ORDERED as follows:

1.  All documents, materials, items, testimony, or information, regardless of whether stored in electronic or paper form, that contain or comprise a trade secret or other confidential technical, development, or commercial information produced or filed with the Court or produced or served either by a party or by a non-party to or for any of the parties shall be governed by this Protective Order.

2.  Confidential Information. Any documents, materials, items, testimony, or information filed with the Court or produced or provided by any party or non-party as part of discovery in this action may be designated by such party or non-party as "Confidential Information." As a general guideline, materials designated "Confidential Information" shall be those things of a proprietary business or technical nature which might be of value to a party in this action as a potential competitor of the party or non-party holding the proprietary rights thereto and that must be protected from disclosure to such party and/or third parties.

3.  Highly Confidential Information. Certain documents, materials, items, testimony, or information may be designated by a party or non-party as "Highly Confidential Information." Documents, testimony, information, and other things designated "Highly Confidential

Information" may be disclosed only to the persons identified in subsections (a) through (d), and (f) of Paragraph 7 of this Protective Order and pursuant to the procedures set forth in Paragraph 8 of this Protective Order. However, the persons identified in subsections (c) and (f) of Paragraph 7 shall not be permitted access to materials or information designated "Highly Confidential Information" unless and until they sign a written acknowledgment that they have read this Protective Order, agree to be bound by its terms, and consent to jurisdiction in this Court for purposes of enforcement of the terms of this Protective Order. Outside counsel of record shall retain copies of all executed acknowledgments, and copies of all executed acknowledgments shall be provided to the Designating Party. This "Highly Confidential Information" designation shall be limited to such documents, materials, testimony, or information that the designating party believes, in good faith, contain information, the disclosure of which is likely to cause significant harm to the competitive position of the designating party.

      4.      Source Code. A producing party may specially designate source code (whether in electronic or hardcopy form) as "Highly Confidential- Source Code" ("Source Code"). Such materials shall be subject to all of the provisions of this Protective Order regarding "Highly Confidential Information" and shall also be subject to the following additional restrictions:

      (a)      To the extent Source Code is produced in this action, access to such Source Code shall be given only to those individuals on behalf of the receiving party who are authorized under this Order to have access to information designated as "Highly Confidential Information."

      (b)      Unless otherwise agreed to in writing between the producing party and the receiving party, a receiving party may only review Source Code that was produced in electronic form on "stand alone" computers (i.e., computers that may be networked together by a private wired network, but that are not connected to any other network, Internet or peripheral device except that the stand-alone computers may be connected to a printer or printers) that reside at an office of the producing counsel of record.  Access is to be made available during regular business hours (8:00a.m. to 6:00p.m. local time) on two business-days' notice. The producing party shall provide a reasonably comfortable work environment, including maintaining a proper room temperature and providing power, lighting, a table or desk, and chairs. The receiving party shall

1  make its best efforts to restrict access to normal business hours, but if circumstances require, the
2  producing party agrees to cooperate, to the extent possible, to provide access from 8:00a.m. to
3  4:00p.m. on Saturdays and Sundays, and/or from 6:00p.m. through 9:00pm on weekdays.

4          (c)    Use of any input/output device (e.g., USB memory stick, CDs, floppy disk,
5  portable hard drive, etc.) is prohibited while accessing the computer containing the Source Code
6  unless such device is necessary to view the Source Code (e.g., because the input/output device
7  contains Diagnostic software that may be used to perform searches of the Source Code).

8          (d)    No person shall copy, email, transmit, upload, download, print, photograph
9  or otherwise duplicate any portion of the designated Source Code, except as explicitly permitted
10 herein.

11         (e)    To the extent practicable, the producing party shall produce Source Code in
12 computer searchable format. The producing party must allow printing of paper copies of the
13 Source Code at the time of inspection by the receiving party or the receiving party's consultants or
14 experts (hereinafter, collectively referred to as the "reviewing party"), which the reviewing party
15 may take when completing an inspection. The producing party shall provide the reviewing party
16 with Bates number labels and confidentiality labels stating "Highly Confidential- Source Code,"
17 and the reviewing party shall affix the Bates number labels and confidentiality labels to each page
18 of printed Source Code. The reviewing party shall keep all Source Code in a secured container or
19 location at all times. Notwithstanding the foregoing, individuals on behalf of the receiving party
20 who are authorized under this Order to have access to information designated as "Highly
21 Confidential Information" may make copies of any paper copies for use as exhibits in court
22 proceedings and at depositions, subject to the other provisions of the Protective Order.
23 Paper copies of Source Code may not be copied and may not be removed from a secured
24 container or location unless in a secured, private area. The reviewing party shall maintain a
25 complete log of bates-numbered pages of Source Code that are printed, and upon the written
26 request of the producing party, shall provide that log to the producing party within three (3)
27 business days of such request.  The log need not include any information other than a list of bates
28 numbers that have been affixed to printed pages.  For security purposes, this log must be

produced to the producing party regardless of any other stipulation limiting expert discovery. The reviewing party shall also provide a duplicate paper copy to the producing party of each and every page of code printed by the reviewing party at the time of inspection. The reviewing party shall only print portions of the code reasonably necessary to that party's analysis of the code, and shall not print the entirety of the code under any circumstances. The producing party shall not videotape or otherwise monitor review of Source Code by the reviewing party.

(f) Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as "Highly Confidential - Source Code" may not be copied, digitally imaged or otherwise duplicated, except (i) by outside counsel for the receiving party for the sole purpose of creating hard duplicate copies for retention in multiple offices of outside counsel or by the outside experts or consultants contemplated by Paragraph 8, all as necessary for the conduct of the case; and (ii) in limited excerpts necessary to attach as exhibits to expert reports or court filings.

(g) Any paper copies designated "Highly Confidential - Source Code" shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access Source Code, (iii) the site where any deposition is taken, (iv) the Court, or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in a locked and secure location.

(h) Diagnostic software (including searching tools) may be used by the reviewing party to perform searches of the Source Code; however, no portions of the Source Code may be downloaded. If the stand-alone computer cannot properly execute any Windows based diagnostic software that the reviewing party desires to use to inspect the Source Code, the producing party shall cooperate with the reviewing party to modify the stand-alone computer or provide a substitute computer that is capable of executing the reviewing party's Windows-based diagnostic software. A back-up copy of the Source Code may be created on the same standalone computer and searching tools may also be used to inspect the Source Code, to annotate, number the lines of, and bates label the pages of, the back-up copy of the Source Code. The back-up copy

will remain on the stand-alone computer and be subject to all the provisions of this Protective Order that govern Source Code. At least five (5) business days prior to the beginning of its initial review of the provided Source Code, the receiving party may specify and provide licenses for diagnostic software that it wishes to be installed on the stand alone computers. The producing party shall make reasonable efforts to install the specified software before the beginning of the review. This does not preclude the receiving party from later installing any other diagnostic software allowed under this Protective Order.

        (i)       The producing party shall cooperate with and assist the reviewing party with any technical issues that may arise in reviewing the Source Code. The producing party shall attempt, to the extent possible, to remedy any hardware, software or other technical problems that are experienced by the reviewing party when reviewing the Source Code within one (1) business day upon receiving notification of such problems.

      5.      "Designated Information" refers to "Confidential Information," "Highly Confidential Information," and "Highly Confidential- Source Code" Information, including copies, extracts, or derivations therefrom, compilations and summaries thereof, and the information therein. "Designating Party" refers to the Party or non-party designating any material under this Protective Order.

      6.      Absent a specific order by this Court, Designated Information shall be used by the persons or entities to whom such information is disclosed solely for purposes of this action, and not for any business, patent prosecution, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided in this Protective Order.

      7.      Documents, materials, items, testimony, or information designated "Confidential" information pursuant to this Protective Order, or copies, derivations, or extracts therefrom, compilations and summaries thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to the following persons: (a) outside counsel of record for the parties in this action, and employees and support personnel who are assisting those attorneys in this action; (b) stenographic, videographic, and clerical personnel taking testimony involving such documents; (c) consultants or technical experts and their staffs to the extent

FEINBERG DAY
ALBERTI &
THOMPSON LLP

**STIPULATED PROTECTIVE ORDER – CASE NO. 12-06196 MMC**

cleared by the parties pursuant to Paragraph 8 of this Protective Order; (d) the Court and the Court's staff; (e) a total of three (3) employees of each party properly designated under Paragraph 8 of this Protective Order; (f) any person to whom the Designating Party agrees in writing. However, the persons identified in subsections (c), (e), and (f) of this Paragraph shall not be permitted access to materials or information designated "Confidential Information" unless and until they sign a written acknowledgment that they have read this Protective Order, agree to be bound by its terms, and consent to jurisdiction in this Court for purposes of enforcement of the terms of this Protective Order. Outside counsel of record shall retain copies of all executed acknowledgments, and copies of all executed acknowledgments shall be provided to the Designating Party.

8. The procedure for providing Designated Information to the persons described in Paragraph 7(c) with respect to "Confidential Information," "Highly Confidential Information," and "Highly Confidential- Source Code" Information, and Paragraph 7(e) with respect to "Confidential Information," shall be as follows:

 A. The party seeking to disclose such information shall, before any such disclosure, provide to each Designating Party:

  1. The name of the person;

  2. The present employer and title of the person;

  3. A signed, written acknowledgment by the person that he/she has read this Protective Order and agrees to be bound by its terms;

  4. For technical experts and consultants, a current resume and a list of names and general business descriptions of all companies for which the individual has consulted or by which the individual has been employed during the last four (4) years. (Such a listing, as appropriate, may itself be designated as protected information.); and

  5. For party employees, a detailed description of their job responsibilities.

 B. Within seven calendar days after receipt of the information and written acknowledgment described in Paragraphs 7 and 8, a party may object to the disclosure of

1  Designated Information to the proposed recipient by serving a written objection stating the
2  reasons for the objection. The parties shall meet and confer to try to resolve the objection. If the
3  parties are unable to do so, the objecting party shall file a motion by letter brief, unless otherwise
4  directed by the Court, to be heard telephonically on the earliest date available, unless otherwise
5  ordered by the Court, seeking an order that disclosure of the Designated Information to the person
6  not be permitted, if facts available to the Designating Party give it reason to believe that there is a
7  reasonable likelihood that the person may use the Designated Information for purposes other than
8  the preparation for trial of this case. Such motions must be filed and served within fifteen
9  calendar days of service of the party's written objection; otherwise, the objection is deemed
10 waived.

11         C.      During (a) the seven day period for objections, (b) if objection is made, the
12 fifteen court day period for filing a motion, (c) if a motion is brought, the period of time any such
13 motion is pending, and (d) three days after any order allowing disclosure of Designated
14 Information, no disclosure of Designated Information shall be made to the person to whom the
15 party seeking disclosure seeks to disclose the Designated Information.

16       9.      Any individual attorney or agent who receives or reviews any "Highly
17 Confidential Information" or "Highly Confidential- Source Code" documents designated by any
18 party other than his or her client shall not thereafter prosecute, supervise, or materially assist in
19 the prosecution of any patent application related to the technology that is the subject matter of this
20 lawsuit during the pendency of this case and for one year after the conclusion of this litigation.
21 This restriction does not apply generally to the law firms involved in this action, but only to the
22 specified individuals.

23       10.     Any party or non-party wishing to invoke the provisions of this Protective Order
24 shall designate the documents, materials, items, or information, or portions thereof, which he, she,
25 or it considers confidential at the time such information is disclosed, or as soon thereafter as the
26 person or entity seeking protection becomes aware of the nature of the information or materials
27 disclosed and sought to be protected. With respect to documents, the items produced must be
28 marked or stamped "Confidential Information," "Highly Confidential Information," or "Highly

1  Confidential- Source Code" on all pages by the producing party or non-party. In the case of
2  information stored on electronic media, the items produced shall be clearly marked or stamped on
3  the media if possible. With respect to deposition testimony, the witness under deposition, or his,
4  her, or its counsel, and/or any counsel representing any party or non-party at the deposition, shall
5  invoke the provisions of this Protective Order in a timely manner, giving adequate warning to
6  counsel for the party or non-party that testimony about to be given is deemed confidential. The
7  provisions of this Paragraph may be invoked by counsel for a witness with respect to the witness's
8  entire deposition, or any portion thereof, at any time during the deposition.

9      11. Any Designated Information that is included with, or the contents of which are
10 disclosed in any way, in any pleading, motion, deposition transcript, or other papers filed with the
11 Clerk of the Court, shall be filed in sealed envelopes prominently marked with the notation:

CONFIDENTIAL INFORMATION
[or HIGHLY CONFIDENTIAL INFORMATION]
SUBJECT TO PROTECTIVE ORDER

15     12. All Designated Information may not be stored or viewed at a non-designating
16 party's business location except at: (a) the offices of outside trial counsel of record; (b) the offices
17 of consultants designated under Paragraph 7( c) and employees designated under Paragraph 7(e)
18 and approved under Paragraph 8 of this Order; (c) the site where any deposition relating to the
19 information is taken; (d) the Court; or (e) any intermediate location reasonably necessary to
20 transport the information (e.g., a hotel prior to a deposition). The restrictions in this paragraph do
21 not prohibit authorized persons from viewing Designated Information by remote computer access.
22 Copies of Designated Information may only be made where reasonably necessary to prepare work
23 product or conduct proceedings in this litigation.

24     13. If any Designated Information is used during the course of a deposition, the
25 portion of the deposition record reflecting such information shall be sealed and stamped with the
26 appropriate designation, and access thereto shall be limited pursuant to the other terms of this
27 Protective Order.

14. Any individual, such as a deposition witness, trial witness, or potential witness may be shown Designated Information by an attorney bound by this Protective Order in the following conditions:

    (a) if the individual is identified as a signatory, author, addressee, or recipient of a copy of the Designated Information;

    (b) if the individual is a current or former officer, director, or employee of a party and the document has been designated as "Confidential Information," "Highly Confidential Information," or "Highly Confidential- Source Code" by that party;

    (c) if the individual is an officer, director of a party, or other witness designated by a party pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the document has been designated as "Confidential Information," "Highly Confidential Information," or "Highly Confidential- Source Code" by that party; or

    (d) if the individual is a testifying expert for a party and has complied with the provisions of Paragraph 8 hereto.

A party may use its own Designated Information for any purpose. The foregoing sentence is not meant to be deemed a waiver of any objection based on relevance, authenticity or admissibility to a party's use of its own Designated Information. In no circumstances will a party's use of its own Designated Information during a deposition constitute a waiver of the designated status of the materials. Any deposition witness shown such Designated Information shall be treated as having been permitted to view the Designated Information under Section 6(f) of this Protective Order for purposes of the deposition only.

15. Deposition Testimony. Outside Counsel for either party may designate any testimony as "Confidential" or "Highly Confidential" under this Order and each page of the designated testimony and any exhibit on which a witness gives testimony designated as such shall be treated in accordance with the terms of this Order. Testimony can be designated "Confidential" or "Highly Confidential" either at the time such testimony is given, or within thirty (30) calendar days after the receipt of the transcript of such testimony by the Designating Party. Until the expiration of thirty (30) calendar days after receipt of the transcript of such testimony by the

Designating Party, all testimony will be treated as "Highly Confidential." In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties." Counsel for any producing party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Designated Information based on the designation of that information. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Information.

16. A party or non-party providing documents or information that inadvertently fails to properly designate an item pursuant to this Protective Order at the time of the production may re-designate documents and information in order to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately designated. The party receiving the substitute copies shall take reasonable efforts to return or destroy the previous unmarked items and all copies thereof promptly.

17. If at any time during the pendency or trial of this action, counsel for any party claims that information is not appropriately designated, objecting counsel may serve a written notice of objection on all parties and other affected persons, identifying with particularity the items as to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for each item. Within seven calendar days of receiving such notice, the Designating Party shall respond in writing, and either agree to the new designation proposed by the objecting party or explain why the designation should not be changed. If the Designating Party and the objecting party cannot resolve the dispute in informal meet and confer discussions, the objecting party may move for an order from the Court for redesignation within seven calendar days from service of the Designating Party's response. The Designating Party shall have the burden to justify the original designation. The original designation shall remain effective until

three calendar days after entry of an order redesignating the materials.

18. None of the restrictions set forth in this Order shall apply to any documents or other information that becomes public knowledge by means not in violation of the provisions of this Order. Nothing in this Order shall prevent a party from using any information that the party properly possessed prior to receipt of any Protected Information from the other party or a nonparty or that is discovered independently by the Receiving Party. In addition, the terms of the treatment of the Protected Information shall be effective only upon the effective date of this Order.

19. If Designated Information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the disclosing party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

20. Designated Information shall be introduced into evidence only under appropriate order excluding members of the public from the courtroom, unless the confidentiality of such information has been removed by agreement of the producing entity or person (by their counsel) or by this Court.

21. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises and inspection of books, records, documents, and tangible things.

22. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential, or a trade secret.

23. Upon termination of this action, settlement, or final judgment including exhaustion of all appeals, the originals and all copies of Designated Information shall be either destroyed or turned over to the party or non-party who produced such material, or to their respective counsel,

1  within sixty days. However, outside counsel for the parties may retain pleadings, attorney and
2  consultant work product, and depositions for archival purposes. However, any pleading exhibits,
3  correspondence, and consultant work product that contain Source Code must be returned or
4  destroyed. If Designated Information is destroyed pursuant to this Paragraph, counsel shall notify
5  opposing counsel in writing.

6        24.    Inadvertent Disclosure of Privileged Information. Inadvertent production or
7  disclosure of documents or information subject to the attorney-client privilege, work product
8  immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any
9  claim that such or related material is privileged or protected by the work product immunity or any
10 other applicable privilege, provided that the Producing Party notifies the Receiving Party in
11 writing within ten (1 0) business days after discovery of such inadvertent production or
12 disclosure. Such inadvertently produced or disclosed documents or information, including all
13 copies thereof, shall be returned to the Producing Party immediately upon request, and the
14 Receiving Party shall immediately destroy (and certify as such) any notes or other writing or
15 recordings that summarize, reflect, or discuss the content of such information. No use shall be
16 made of such documents or information during deposition or at trial, nor shall such documents or
17 information be shown to anyone except as necessary to facilitate the return or destruction of such
18 documents or information. The producing party shall include the documents in a privilege log
19 identifying such inadvertently produced or disclosed documents. The receiving party may move
20 the Court for an order compelling production of any inadvertently produced or disclosed
21 privileged documents or information, but the motion shall not assert as a ground for production
22 the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use
23 the content of the inadvertently produced document or information (beyond any information
24 appearing on the above-referenced privilege log) in any way in connection with any such motion.

25       25.    If any entity subpoenas or orders production of Designated Information that a
26 receiving party has received subject to this Protective Order, such party shall promptly notify the
27 Designating Party of the pendency of the subpoena or order and shall not produce the information
28 until the Designating Party has had seven calendar days (unless a shorter time is required by the

1  subpoena, order, or other judicial mandate) to object and take other appropriate steps to protect
2  the information.

3      26.    The terms of this Protective Order shall survive termination of this action.

4      27.    This Protective Order is being entered without prejudice to the right of any party
5  or other person to move the Court for modification of or relief from any of its terms.

6      28.    Nothing in this Protective Order shall bar counsel from rendering advice to their
7  client with respect to this litigation, and, in the course thereof, relying upon any Designated
8  Information, provided counsel does not disclose Designated Information in a manner not
9  specifically authorized under this Protective Order.

10     29.    Outside Consultants retained as testifying experts shall not be subject to discovery
11 of any draft of his or her report in this case or other cases that was written by the testifying expert
12 or his or her staff. Notes, drafts, or outlines for draft reports developed and drafted by the
13 testifying expert and/or his or her staff are exempt from discovery.
14 Discovery of materials provided to Outside Consultants acting as testifying experts shall be
15 limited to those materials, facts, consulting expert opinions, and other matters actually relied upon
16 by the testifying expert in forming his or her final report, trial or deposition testimony or any
17 opinion in this case. No discovery can be taken from any consulting expert who does not testify
18 except to the extent that consulting expert has provided information, opinions or other materials
19 to a testifying expert, who then relies upon such information, opinions or other materials in
20 forming his or her final report, trial or deposition testimony or any opinion in this case.

21     No conversations or communications between counsel and any testifying or consulting
22 expert will be subject to discovery unless the conversations or communications are relied upon by
23 such experts in formulating opinions that are presented in reports disclosed pursuant to Fed. R.
24 Civ. P. 26(a)(2), or trial or deposition testimony in this case.

25     Materials, communications and other information exempt from discovery under the
26 foregoing Paragraphs shall be treated as attorney work product for the purposes of this litigation
27 and Protective Order.

28     30.    Other Proceedings. By entering this order and limiting the disclosure of

information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as "Confidential," "Highly Confidential," and/or "Highly Confidential- Source Code," pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

FEINBERG DAY ALBERTI & THOMPSON LLP

By   /s/ Marc Belloli_____
Elizabeth Day
Ian Feinberg
David Alberti
Sal Lim
Yakov Zolotorev
Marc Belloli

*Attorneys for Plaintiff*
*PRAGMATUS TELECOM, LLC*

SNR DENTON US LLP

By  /s/ Anita M.C. Spieth _____
Arthur Beeman (SBN 237996)
arthur.beeman@snrdenton.com
Rachel Repka (SBN 248331)
rachel.repka@snrdenton.com
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Tel: 650.798.0300
Fax: 650.798.0310

Carlos Perez-Albuerne (*pro hac vice*)
cperez@choate.com
G. Mark Edgarton (*pro hac vice*)
medgarton@choate.com
Anita M. C. Spieth (*pro hac vice*)
aspieth@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tel: 617.248.5000

-15-

**STIPULATED PROTECTIVE ORDER – CASE NO. 12-06196 MMC**

Fax: 617.248.4000

*Attorneys for Defendant*
*BUILD.COM, INC.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED**, with the exception of the language in paragraph 20 requiring exclusion of the public; the Court will address at a later time any request to preclude public access to the courtroom.

Dated:
June 25, 2013

By: _____
Hon. Maxine M. Chesney
United States District Court Judge

SIGNATURE ATTESTATION

Pursuant to General Order No. 45(X)(B), I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records to support this concurrence for subsequent production for the court if so ordered or for inspection upon request.

Dated: June 14, 2013

By */s/ Marc Belloli*
Marc Belloli

## [FORM] ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____, ___, 2012, in the case of *Pragmatus Telecom, LLC v. Build.com, Inc.*, Case. No. 12-06196 MMC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]